**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-05-890M |
| | § | |
| OSCAR MONDRAGON | § | |

**ORDER OF DETENTION PENDING TRIAL**

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ]     A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1) The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]   an offense for which the maximum sentence is life imprisonment or death.

        [ ]   an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1) (A)-(C), or comparable state or local offenses.

    [ ] (2) The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

    [ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

   [ ] (1)   There is probable cause to believe that the defendant has committed an offense

   [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
   ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

   [ ]   under 18 U.S.C. § 924(c).

   [ ] (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

   [X] (1)   Defendant is accused of conspiracy and trafficking females, including minors, by coercion or force to engage in the sex trade.

   [X] (2)   There is a serious risk that the defendant will flee.

   [X] (3)   Defendant represents a danger to the community.

   [X] (4)   There is a serious risk that the defendant will threaten, injure, or intimidate a prospective witness or juror, or attempt to do so.

[X]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

   [ ] (1)   As a condition of release of the defendant, bond was set as follows:

   [ ] (2)

   [X] (3)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

   [ ] (4)

   [X] (5)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

I find that the accusations in the criminal complaint and the Pretrial Services Report, and evidence at the detention hearing, establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by a clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant Oscar Mondragon is a 46 year-old resident alien in the United States born in El Salvador. His ex-wife is a co-defendant in this case. He has two children living in the United States, and his girlfriend is currently pregnant. His mother lives in El Salvador, but travels to the United States. Prior to his arrest he was working for his brother, also a co-defendant.

2. Defendant Mondragon is charged with conspiracy and trafficking females, including minors, for the sex trade in violation of 18 U.S.C. §§ 371 and 1591.

3. Mondragon owned a nightclub in Houston, and there is evidence that he paid co-defendant Corea to recruit females smuggled from El Salvador and other countries to work for him.

4. An I.C.E. agent involved in the investigation testified that she had reports that Mondragon threatened, beat, and had forced sex with some of the women brought to this country and forced to engage in prostitution. There was evidence at the hearing that Mondragon was involved in negotiating the "sale" of two women, one of whom was a minor, with an undercover agent.

5. There are reports that Mondragon threatened to kill family members and kidnap children of the smuggled females if they failed to cooperate.

6. Mondragon has strong ties to El Salvador. He owns property and a business in El Salvador, and has family members there. He has traveled to El Salvador several times in the last year, for the apparent purpose of recruiting females to work for him in the United States. He owns a house in San Salvador, El Salvador. At the time of his arrest, he was in possession of a one-way ticket to San Salvador.

7. There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Detention is ordered.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed on November 25, 2005, at Houston, Texas.

_____
Stephen Wm Smith
United States Magistrate Judge